FILED ___ ENTERED
LOGGED ___ RECEIVED

APR 2 2019

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

On August 11, 2017, in the District of Maryland, the Defendant, **CORON DEMON JOHNSON, a/k/a "Savage" ("JOHNSON")**, knowingly and intentionally distributed to Victim A a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and death resulted from Victim A's use of such substance.

On August 11, 2017, around 5:30 p.m. **JOHNSON** met with Victim A at a CVS in Annapolis, Maryland, in order to sell heroin to Victim A. **JOHNSON** sold Victim A heroin, and following their meeting, Victim A returned to her family's home in Bowie, Maryland, and retreated to her bedroom.

On August 12, 2017, a little after 11:00 a.m., Victim A's father found Victim A lying unresponsive on Victim A's bed. Victim A was holding Victim A's cell phone. First responders arrived within minutes and administered CPR. Victim A was pronounced dead at 11:08 a.m. Law enforcement officers recovered a paper fold containing .025 grams of heroin and Victim A's cell phone, both of which were located next to Victim A's body. The medical examiner performed an autopsy on Victim A and determined that Victim A's cause of death was heroin intoxication. Victim A died as a result of ingesting the heroin **JOHNSON** gave to Victim A. But for the use of the heroin provided to Victim A by **JOHNSON**, Victim A would not have died.

Following Victim A's death, on August 12, 2017, law enforcement officers took possession of Victim A's cell phone. While the phone was in the possession of law enforcement and following Victim A's fatal overdose, **JOHNSON** texted Victim A asking if Victim A was "coming get some this fire today." A law enforcement officer, acting as Victim A, responded to **JOHNSON**. Via text, **JOHNSON** arranged to meet with the law enforcement officer posing as Victim A in Bowie, Maryland, for the purpose of selling Victim A $139 worth of heroin.

At approximately 9:39 p.m. on August 12, 2017, **JOHNSON** texted the law enforcement officer posing as Victim A to let Victim A know that **JOHNSON** had arrived at the meeting location in Bowie, Maryland, where **JOHNSON** was planning to sell Victim A heroin. At this time, law enforcement officers initiated a traffic stop. **JOHNSON** had been riding in the passenger seat of a white Jeep Grand Cherokee. There were three other people in the car with **JOHNSON** at the time of the traffic stop, including two minor children. When **JOHNSON** got out of the Jeep, he had a white powder residue on his pants.

After removing the occupants from the Jeep, law enforcement officers conducted a K-9 scan of the car. In preparation for the scan, law enforcement officers did a sweep of the vehicle and located and removed a paper fold with powder residue on the floorboard of the passenger side of the car where **JOHNSON** had been sitting. At the time of the stop, **JOHNSON** was in possession

of the cellphone that he had been using to text the law enforcement officer who was posing as Victim A.

Following the traffic stop in Bowie, **JOHNSON** was lawfully detained by law enforcement officers. **JOHNSON** waived his *Miranda* rights and provided a recorded statement to law enforcement officers. **JOHNSON** stated that he had been selling heroin since he was 19 years old and that he primarily distributes in the Newtowne-20 section of Annapolis. **JOHNSON** positively identified a picture of Victim A as the person he was supposed to be meeting in Bowie the night of the traffic stop, although he did not know Victim A's name. **JOHNSON** admitted that he had been in Bowie, Maryland, in order to meet Victim A, but **JOHNSON** claimed that Victim A owed him $139 for a previous narcotics transaction. **JOHNSON** said he last saw Victim A the day before at the CVS in the Newtowne section of Annapolis where **JOHNSON** sold Victim A 0.2 grams of heroin for $20 in a paper fold.

SO STIPULATED:

_____
Erin B. Pulice
Kelly O. Hayes
Assistant United States Attorneys

_____
Coron Demon Johnson
Defendant

_____
Michael E. Lawlor, Esq.
Counsel for Defendant